United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| DARWIN L.M.,<br>"Petitioner,"<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br>*in their official capacities*,<br>"Respondents." | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:26-cv-00892 |

**ORDER**

Before this Court are Petitioner's "Petition for Writ of Habeas Corpus (28 U.S.C. § 2241)" (Dkt. No. 1) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss as Moot or for Lack of Subject Matter Jurisdiction" (Dkt. No. 8) ("MTD").

By their MTD, Respondents notify the Court of Petitioner's release from custody and request dismissal of the Petition on mootness grounds. Dkt. No. 8 at 1. The Court concludes from this filing that the Petition is now moot.

For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Because release from mandatory detention is the primary relief[1] sought in the Petition, *see* Dkt. No. 1 at 21-22, his subsequent release renders moot any live case or controversy. The Court also finds no collateral consequence, and Petitioner's counsel identifies none, that would prevent the Petition from becoming moot.[2]

---

[1] The Petition also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 1 at 22. Because EAJA fees are not available in habeas corpus proceedings such as this one, *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023), such relief is foreclosed

[2] Counsel for Petitioner did not timely file a response in opposition to Respondents' MTD.

For these reasons, Respondents' MTD (Dkt. No. 8) is **GRANTED** and the Petition (Dkt. No. 1) is hereby **DISMISSED** as moot. The Clerk of the Court is **ORDERED** to close this case.

SIGNED this October 15, 2026

Rolando Olvera
United States District Judge